■ JOHN O. BAILEY, JR., Respondent-Appellant, v MARTIN J. TURETSKY et al., Appellants-Respondents, et al., Defendant. — In a medical malpractice action, the defendants Martin J. Turetsky, Philip Datlof and Turetsky & Datlof, P.C., appeal, and the plaintiff cross-appeals, from so much of an order of the Supreme Court, Queens County (Buschmann, J.), dated November 28, 1981, as conditionally denied the motion of the plaintiff to strike the answers of said defendants. Order modified, by deleting from the second decretal paragraph all language beginning with the words "that plaintiff's motion to strike the Answer of the defendants Turetsky, Datloff [sic] and Turetsky & Datlof, P.C., is denied on condition" and ending with the words "further application to this Court", and substituting therefor the following: "that plaintiff's motion to strike the answer of the defendants Turetsky, Datlof and Turetsky & Datlof, P.C. is granted unless: (1) Dr. Martin J. Turetsky shall pay the plaintiff the sum of $1,625 in costs to offset plaintiff's past expenses, and (2) Dr. Martin J. Turetsky shall appear and submit to an examination before trial at the Supreme Court, Queens County, 88-11 Sutphin Boulevard, Jamaica, New York." As so modified, order affirmed insofar as appealed from, without costs or disbursements. The time for Dr. Turetsky to pay the $1,625 is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. The examination before trial shall proceed at the afore-

mentioned location, at a time to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as the parties may agree. In our opinion, Special Term did not abuse its discretion in granting the plaintiff costs in order to offset the past expenses incurred by him in his unsuccessful attempts to depose the defendant Turetsky. In view of the said defendant's representations that he is presently able to submit to a deposition, the remaining conditions set forth in Special Term's order have been rendered academic. Weinstein, J. P., Brown, Niehoff and Boyers, JJ., concur.